IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HERMINIO COLON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRO MEDICO DEL TURABO, INC., et al.,<br><br>Defendants. | CIVIL NO. 22-1535 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiffs Herminio Colón and Elizabeth Amaro Delgado ("Plaintiffs") bring the present medical malpractice claim against Defendants HIMA San Pablo, Dr. Jaime Rodríguez, Dr. Manuel Abraham ("Dr. Abraham"), New Medical and Education Services Inc., C.S.P., ("New Medical") and several insurance companies (collectively "Defendants"). Plaintiffs aver that the negligent treatment rendered by Defendants to Ms. Zoila Amaro ("Ms. Amaro") caused her death.

Before the Court is Co-Defendant New Medical's "Motion for Summary Judgment", Plaintiffs' Opposition thereto and New Medical's Reply to Plaintiffs' Opposition. (Docket Nos. 95, 102 and 107).

After a review of the parties' filings, the Court finds there are genuine material issues of fact that prevent summary disposition of this case.

**ANALYSIS**

Under Puerto Rico law, a plaintiff must establish three (3) main elements in a medical malpractice case, to wit, (1) the duty of care owed (i.e., the minimum standard of

professional knowledge and skill required in the relevant circumstances); (2) an act or omission transgressing that duty; and (3) a sufficient causal nexus between the breach of duty and the harm. Marcano Rivera v. Turabo Medical Ctr. P'ship, 415 F.3d 162, 167 (1st Cir. 2005); Santa Cruz-Bacardí v. Metro Pavía Hosp., Inc., Civil No. 16-2455 (RAM), 2020 WL 249433, at *6 (D.P.R. Jan. 15, 2020).

New Medical, relying in the opinion of its expert witness Dr. Carlos Gómez-Marcial ("Dr. Gómez-Marcial"), argues that elements two (2) and three (3) are not met in the instant case because Dr. Abraham did not deviate from the standard of care and there is no causal relationship between his treatment of Ms. Amaro and her ultimate demise. (Docket No. 95, pp. 17-18 and Exhibit J, p. 7).

To the contrary, Plaintiffs' medical expert Dr. Edwin Miranda Aponte ("Dr. Miranda") expressly contradicts Dr. Gómez-Marcial's opinion in his expert report, which lists several deviations by Dr. Abraham from the standard of care. (Docket No. 95, Exhibit F, p. 37). According to Dr. Miranda, those deviations include the following: failure to assess the nature and reason for Ms. Amaro's vaginal bleeding; failure to calculate her blood and platelet requirements; failure to order the blood and platelet transfusions "STAT"; failure to address the changes in Ms. Amaro's heart rhythm and rate; failure to address the decrease in her blood pressure; failure to address the IV fluid infusion rate while awaiting for the blood transfusions; and a late consult with another physician, among others. Id.

New Medical also attempts to blame the delay in the platelet and blood transfusion delivery on the hospital personnel, arguing that Dr. Abraham ordered them promptly and thus cannot be faulted. (Docket No. 95, p. 18 and 19). Dr. Miranda's report says the

Case 3:22-cv-01535-CVR   Document 112   Filed 09/26/24   Page 3 of 4

Herminio Colón, et al. v. Centro Médico del Turabo, Inc., et al.
Opinion and Order
Civil 22-1535 (CVR)
Page 3
_____

opposite, that as the attending physician, Dr. Abraham had a duty to make sure that his orders were received and performed in a timely and accurate fashion by hospital personnel, and he failed in this regard. (Docket No. 95, Exhibit F, p. 14). In addition, Dr. Miranda and Plaintiffs' second expert witness, Dr. Aaron Gottesman, both agree that there was substantial delay in administering the transfusion and platelets to Ms. Amaro and that this delay contributed significantly to her demise.

Thus, these discrepancies between the parties clearly present issues of material fact that go to the heart of the controversy in this case, to wit, whether Dr. Abraham used the same degree of expertise as could reasonably be expected of a typically competent practitioner under the same or similar circumstances as required under Puerto Rico law. Rolón-Alvarado v. Municipality of San Juan, 1 F.3d 74 (1st Cir. 1993).

In sum, there are genuine material facts in controversy stemming from the diverging opinions of the expert witnesses as to the treatment provided to Ms. Amaro by Defendants and the effect the treatment or lack thereof had on Ms. Amaro, which rest on factual and credibility determinations to be made by a jury, as the ultimate fact-finder, based on the jury's assessment of the experts' opinions and the evidence presented at trial. See Fed. R. Civ. P. 56(a) (summary judgment is only appropriate when "movant shows that there is no genuine dispute as to any material fact"; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 2455, 106 S.Ct. 2505, 2513 (1986) ("credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions"); Williams v. Starwood Hotels & Resorts Worldwide, Inc., Civil No. 13-1159 GAG, 2014 WL 4260787, at *3 (D.P.R. Aug. 29, 2014) (summary judgment is often inappropriate where evidence bearing on crucial issues of fact is in the form of expert

Case 3:22-cv-01535-CVR    Document 112    Filed 09/26/24    Page 4 of 4

Herminio Colón, et al. v. Centro Médico del Turabo, Inc., et al.
Opinion and Order
Civil 22-1535 (CVR)
Page 4
_____

opinion testimony); Cortés-Irizarry v. Corporación Insular De Seguros, 111 F.3d 184, 191 (1st Cir. 1997) (the conflicting expert evidence sufficed to create a trial worthy issue vis-à-vis the element of causation); Coyne v. Tabern Partners I, 53 F.3d 454, 460 (1st Cir. 1995) (explaining that "when the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage").

## CONCLUSION

For the above reasons, New Medical's "Motion for Summary Judgment" is DENIED. (Docket No. 95).[1]

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 26th day of September 2024.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES DISTRICT JUDGE

---

[1] New Medical will have the opportunity at trial to prove its defense of the adequate treatment rendered to Ms. Amaro and of lack of causation, where the jury will give it the probative value it sees fit.